1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOTIAN SONG and AIHUA SONG, | CASE NO. 06cv2736 JM(AJB) |
| Plaintiffs, | ORDER DENYING MOTION TO DISMISS; SCHEDULING ORDER |
| vs. | |
| CHRISTINA POULOS, Acting Director of the California Service Center; EMILIO GONZALEZ, Director of the U.S. Citizenship and Immigration Services; and ALBERTO GONZALES, Attorney General, | |
| Defendants. | |

Defendants move to dismiss Plaintiffs' mandamus action on grounds that (1) the court lacks subject matter jurisdiction and (2) this action has been filed in an improper venue. Plaintiffs oppose the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is denied. The court also sets a further motions hearing date of November 9, 2007 at 1:30 p.m. in which Defendants may make an evidentiary showing targeted to the court's subject matter jurisdiction, as more fully set forth herein.

## BACKGROUND

On December 19, 2006, Plaintiffs Xiaotian Song and Aihua Song filed a Complaint in the Nature of Mandamus seeking to compel Defendants to prosecute their I-485 Applications to Adjust

///

///

to Permanent Resident Status. Plaintiffs filed the I-485 applications on July 26, 2005 and allege that Defendants "have failed to complete the ministerial actions necessary to adjudicate plaintiffs' applications," (Compl. ¶12), and "refus[ed] to take actions to adjudicate the pending applications." (Compl. ¶16).

Defendants move to dismiss the complaint for lack of subject matter jurisdiction and improper venue. All motions are opposed.

**Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

Defendants challenge the subject matter of the court to entertain this action under 28 U.S.C. §1361 and move to dismiss the complaint pursuant to Rules 12(b)(1) and (12(b)(6). "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). Here, the parties focus on the second element. There is no serious dispute between the parties that the ultimate decision regarding adjustment of status is a discretionary matter not subject to judicial review. 8 U.S.C. §§1255(a) and 1252(a)(2)(B)(ii). However, the parties dispute whether any part of the process from the time of filing the I-485 applications until adjudication is subject to judicial review.

///
///
///

1    The parties also acknowledge that there is no binding precedent on this issue and that district court decisions, including those from this district, have ostensibly reached different results on whether any part of the process from filing the I-485 through adjudication is subject to mandamus review. Some courts hold that the pace of adjudication of the applications are discretionary, and therefore not subject to judicial review, see, e.g, Grinberg v. Swacina, 478 F.Supp.2d 1350 (S.D. Fla. 2007), Safadi v. Howard, 466 F.Supp.2d 696, 698-700 (E.D. Va. 2006), and other courts hold that the pace is not discretionary in the sense that the United States Citizen and Immigration Service ("USCIS") cannot refuse to postpone adjudication of the applications indefinitely. See e.g. Razaq v. Poulos, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007); Yu v. Brown, 36 F.Supp.2d 922, 932 (D.N.M. 1999).

   In general, claims that administrative agencies have failed to undertake a statutorily imposed duty are subject to judicial review. See 5 U.S.C. §§551(13), 706(1); Heckler v. Chaney, 470 U.S. 821 (1985); 28 U.S.C. §1361; United States ex rel. Dunlap v. Black, 128 U.S. 40, 46 (1888) (mandamus appropriate to order a "precise, definite act . . . about which [an official] had no discretion whatever"). Here, the court concludes Defendants have the non-discretionary statutory duty under 8 U.S.C. §1255(a) to take some action to adjudicate the I-485 applications. Defendants simply do not have the "unchecked power to decide when to decide" to adjudicate the I-485 applications. Razaq, 2007 WL 61884, at *4. Defendants raise both a facial attack to the complaint and a factual attack to the court's subject matter jurisdiction. Each is discussed in turn.

   In analyzing a facial attack to the court's subject matter jurisdiction, for purposes of Defendants' Rule 12(b)(1) and Rule 12(b)(6) motion, the court accepts the complaint's allegations as true and construes them in the best light to Plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Defendants' facial attack fails here because the complaint alleges that Defendants "refus[ed] to take actions to adjudicate the pending adjudications." (Compl. ¶16). This allegation gives rise to the legitimate inference that Defendants have shirked their statutory duty to take any action on Plaintiffs' I-485 applications. While Defendants have virtually complete discretion in establishing procedures and time lines to adjudicate I-485 applications, they

///

///

1 cannot, as alleged herein, refuse to take any steps to adjudicate the applications. As noted by Judge
2 Gonzalez,

> It stretches the statutory mandate for defendants to argue that there is unlimited and unfettered discretion in the time by which the [USCIS] must adjudicate an application. This would allow defendants to delay considering an application indefinitely, which in this context is equivalent to declining to consider and process an application.

Xiaohui He v. Michael Chertoff, et al., No. 06cv2608 IEG(NLS), slip op. at p. 7:23 - 8:1 (S.D. Cal. March 8, 2007). Accordingly, the court denies the motion to dismiss on the narrow basis that the complaint adequately alleges that Defendants have abdicated their statutory duty under 8 U.S.C. §1255(a) to take any steps to adjudicate Plaintiffs' I-485 applications.

Defendants also challenge the factual basis for the exercise of subject matter jurisdiction. To support this challenge, Defendants submit the declaration of Wendy S. Clark, Acting Assistant Center Director of the California Service Center. Ms. Clark explains the detailed process undertaken by the USCIS to adjudicate I-485 applications. Very broadly, once an I-485 application is received a request is sent to the FBI, and other law enforcement or intelligence agencies, for a background investigation.[1] (Clark Decl. ¶¶5-13). She also explains that the agency regularly checks to determine whether the background investigation is complete. (Clark Decl. ¶9). The court notes that the process identified by Ms. Clark demonstrates that the USCIS has policies and procedures in place to diligently adjudicate and track the status and progress of the I-485 applications. With respect to these particular Plaintiffs, however, Ms. Clark does not declare that these policies and procedures were followed in the present action. Rather, she declares that she reviewed the official files and records of Plaintiffs and noted that the applications were filed on July 26, 2005 and that "[o]nce the required security checks are completed, plaintiffs' applications will be adjudicated." (Clark Decl. ¶14). Absent from Ms. Clark's declaration is any indication that the policies and procedures adopted by USCIS, and identified in her declaration, were followed in this particular case. Without some evidence indicating that Plaintiffs' applications have been considered and are in the process of adjudication, Defendants fail to meet their evidentiary burden to establish that the court lacks subject matter jurisdiction over the present case.

---

[1] Some courts have found a four year delay in adjudicating I-485 applications to be reasonable under the circumstances. Safadi, 466 F.Sup.2d at 699.

In sum, the motion to dismiss under Rules 12(b)(1) and 12(b)(6) is denied. However, as it appears from Defendants' submission that the development of a factual record may reveal that the court lacks subject matter jurisdiction to entertain Plaintiff's mandamus action, the court sets a further hearing date of November 9, 2007 at 1:30 p.m. The parties are instructed to following the briefing schedule on the parties' submissions as set forth in Local Civil Rule 7.1.

**IT IS SO ORDERED.**

DATED: September 28, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties